## COVENANTS IN RESTRAINT OF TRADE.

[Common Pleas Court of Lorain County.]

HUEBNER-TOLEDO BREWERIES CO. v. ANNA ZEVNIK.

Decided, January 22, 1906.

*Monopoly—Contracts in Partial Restraint of Trade not Enforceable, When—Mutuality—Consideration—Covenants—Mortgage—Equity— Injunction—Restriction of Use of Property to Sale of Beer of a Certain Manufacture.*

1. If the contract is in partial restraint of trade, it can not be enforced unless it appears from the pleadings and the evidence to be founded upon a valuable consideration and to be reasonable and not oppressive.

2. Z borrowed money from the H T B Co., to be repaid in sixty-eight monthly installments, giving as security therefor a mortgage covering premises whereon she covenanted to erect a saloon and sell beer of the manufacture of the mortgagee for a period of ten years exclusively, this restriction to run with the land, and making unpaid Dow tax and accounts for beer furnished a lien on the premises. *Held:* That the contract is unreasonable and oppressive and lacking in mutuality, and injunction against the sale by Z of beer of other manufacture will not lie.

WASHBURN, J.

Motion to dissolve injunction.

The plaintiff in this case is a brewing company, and the defendant is a resident of Lorain, and the owner of a saloon at that place. The petition alleges that the plaintiff made the defendant a loan of $1,700 to be paid in sixty-eight monthly installments of $25 each, and to secure the same took a mortgage upon the defendant's premises in which the saloon is conducted at Lorain; that said mortgage contained the following covenant:

"And I, the said grantor, do for myself and my heirs, executors, administrators and assigns, covenant with the said grantee its successors and assigns, that for a period of ten (10) years

from and after the date hereof, the premises above described
shall not be used for the sale of any beer, ale or porter whatso-
ever, except of the manufacture of 'The Huebner-Toledo Brew-
eries Company,' its successors and assigns; and this covenant
and agreement shall run with the land and be a limitation and
restriction upon the use thereof for said period of time, without
reference to the conditions on which said mortgage deed is
made, and shall be held as a grant for the benefit of the said
'the Huebner-Toledo Breweries Company,' its successors and
assigns, wholly independent of and in addition to the above
conveyance of the premises by way of mortgage, and shall
not be discharged by performance of any or all of the conditions
and agreements, the performance of which are hereinafter stipu-
lated as rendering the mortgage void.''

Then the petition alleges that the defendant has violated said
covenant, and is selling beer not manufactured by the plaintiff,
and that she is not the owner of any property exempt from
execution, and that plaintiff has no adequate remedy at law,
and asks the aid of this court of equity  to restrain the defend-
ant from violating the above covenant.

A temporary injunction was granted without a hearing, and
the defendant has filed a motion to vacate the injunction for
the reasons that the allegations contained in the petition are
untrue; and the case has been submitted to the court upon that
motion.  And while this is not a final hearing of the case, all the
facts necessary to a final determination of the case were brought
out at the hearing on the motion.

The defendant offered testimony to show that she was not
insolvent, and also testified that she had never received the
$1,700 and that she did not knowingly enter into the contract.
But I find from the testimony that there was no advantage taken
of her in the execution of the contract, and that the plaintiff
carried out its part of the contract so far as the money is con-
cerned, by tendering the same to her, which she refused to take,
giving as her reason at the time that she did not need it for a
while.  So that the case really turns upon whether or not a
court of equity ought to enforce the covenant in question.

The original mortgage was introduced in evidence and it contains some further provisions in reference to this covenant, which ought to be considered. There is a covenant obligating the defendant to keep the property insured in the sum of $2,500, loss, if any, payable to the plaintiff, and then there is the following covenant:

"Whereas, said grantor, in consideration of the granting of said loan, especially agrees to conduct a saloon on said premises known as number —— Tenth avenue, Lorain, Ohio, for the period of ten years and to buy and sell thereon, during said period of time, beer, ale and porter of the manufacture of said grantee, its successors and assigns, and more particularly the beer of its Findlay Branch, and no other beer, ale or porter whatsoever, and to pay for the same upon request of said company: and further agrees that any sum now or hereafter due to said grantee, for beer, ale, or porter delivered by it, for Dow tax, or money advanced by it, or for rent, or otherwise, shall be a lien upon said property and secured by this mortgage.

"And the said grantee hereby agrees to supply in its customary manner, good, wholesome and merchantable beer, ale and porter for and during said period of time, at a price mutually agreed upon and made a part hereof; provided, however, that in case said grantor shall fail to pay for same as aforesaid or in case said grantor shall fail to pay upon demand, any installment due to grantee for rent, or for money advanced by it for Dow tax or otherwise, then grantee's obligation to supply said beer, ale or porter, shall be void at its option; and in case of breach of this covenant or any part thereof, shall not be deemed a waiver as to any subsequent breach thereof. In case any additional tax or burden shall be imposed upon the sale or manufacture of beer, ale or porter, the price agreed upon as hereinbefore set forth, shall be increased by such added amount."

This is not an action at law; but the relief sought is specific performance of contract by enjoining the continued breach of a negative covenant in the contract.

It is clear that this contract could not be enforced by a court of equity against the plaintiff. The plaintiff "agrees to supply in its customary manner, good, wholesome and merchantable

beer, ale and porter for and during said period of time, at a price mutually agreed upon and made a part hereof." It is well settled that a court of equity could not compel the plaintiff to manufacture and deliver beer according to its agreement, as above set forth.

The case then resolves inself into the question of whether or not a court of equity should, in any case, where full performance can not be enforced, decree performance of negative averments of one party.

There is a great conflict in the authorities on this question. It was discussed quite fully, but not definitely decided, in *Steinau* v. *Gas Co.,* 48 Ohio St., 324. In that case there is a quotation from Pomeroy, Contracts, Section 163, as follows, page 332:

" 'The peculiarly distinctive feature of the equitable doctrine is, that the remedial right to a specific performance must be mutual. If, therefore, from the nature or from the contract itself, from the relations of the parties, from the personal incapacity of one of them, or from any other cause, the agreement devolves no obligation at all upon one of the parties, or if it can not be specifically enforced against him, then, and for that reason, he is not in general entitled to remedy of a specific performance against his adversary party, although otherwise there may be no obstacle arising, either from the terms of the contract or from his personal status and relation, to an enforcement of the relief against the latter individually.' Again, see Section 165, he says that 'it is a familiar doctrine that if the right to the specific performance of a contract exists at all, it must be mutual; the remedy must be alike attainable by both parties to the agreement.' "

The circuit court held in that case that:

"Where there is a clear and continuing breach of a negative covenant in a contract, and where an injunction against a breach of it will do substantial justice between the parties by obliging the defendant to carry out his contract or lose the benefit of the breach of it, and the remedy at law is not adequate, or the damages for such a breach are not susceptible of proper assessment by a jury, a court of equity may properly restrain the

defendant from such a breach of the contract, though the court might not be able to enforce a complete specific performance of the contract against the other party." *Cincinnati Gaslight & C. Co.* v. *Steinau*, 2 C. C., 286.

And the Supreme Court, after quoting the above holding from the circuit court, say, page 333:

"However, after a somewhat careful examination of the numerous cases cited by counsel, and many others, we are inclined to the conclusion that the general doctrine laid down by Mr. Pomeroy is sustained by the apparent weight of authority."

I can not find that there has been any expression of the Supreme Court to the contrary, and I am inclined to the opinion that this court has no authority to enforce the contract in question against this defendant by injunction; but however that may be, there is another feature of the case that deserves consideration.

In *Lang* v. *Werk*, 2 Ohio St., 519, the Supreme Court lays down the law that:

"All contracts in general restraint of trade are opposed to public policy and void; and those in partial restraint are also illegal, except when founded upon a valuable consideration and when good reasons appear for entering into the contract."

And that before such a contract in partial restraint of trade can be enforced, it must appear from the pleadings and evidence, that the restraint is founded upon a valuable consideration, and that the contract is reasonable and not oppressive. It is also decided in that case that—

"A declaration which does not contain the necessary averments to show the contract reasonable, so as to rebut the presumption of law against its validity is bad on demurrer."

There must, be not only the sufficient pecuniary consideration but a good reason for the contract. It is said in the above case that, page 529;

" 'A man can not, for money alone, where he has no other interest in the matter, purchase a valid contract in restraint of trade, however limited may be the circle of its operation.' * * * 'Whatever may be the pecuniary consideration, it must appear in addition, that there was some good reason for entering into the contract, * * * but when a good reason appears for allowing the parties to contract, the restraint may extend far enough to afford a fair protection to the obligee.' "

If it goes further than that it is oppressive, and if oppressive, it is in the eye of the law unreasonable.

The loan made by the plaintiff in the case at bar, and the interest in the real estate which it acquired by the mortgage, may be considered a sufficiently good reason for entering into the contract.

Is the restraint contracted for any more than a fair protection to the plaintiff; is it reasonable and not oppressive?

The restriction is to "run with the land, and be a limitation and restriction upon the use thereof for such period of time without reference to the conditions on which said mortgage deed is made."

It will be noticed that the mortgage is to be paid up in five and two-thirds years while the restraint is to continue for ten full years, no matter how soon the mortgage may be paid, and is not to be discharged by the performance of the ordinary conditions of the mortgage. After the mortgage is fully paid and satisfied, and the plaintiff has no interest in the property, is not a restraint continuing more than four years thereafter, rather more than is sufficient to afford the plaintiff a fair protection, in such a case as this?

Again, there is no agreement on the part of the plaintiff to furnish beer to the defendant, at any stipulated price or ascertainable price. The language of the agreement is: That plaintiff agrees to supply, in its customary manner, good, wholesome and merchantable beer, etc., for and during said period of time "at a price mutually agreed upon and made a part hereof."

But there is nothing in the contract stating what that price is, and there is nothing in the evidence to show any mutual

agreement as to price. If the plaintiff could exact an exorbitant price for its beer, and then because the defendant would not pay it, could prevent defendant from selling any other beer for the remainder of the ten years, would that not be considered as oppressive?

But if it be said that this contract is reasonable and is not oppressive, according to the meaning of those terms, as used in *Steinau* v. *Gas Co., supra,* a court of equity would not decree performance of negative covenants of one party, where full performance can not be enforced, in any event, unless the court would find that such injunction would "do substantial justice between the parties."

Would the granting of the prayer of the petition in this case do substantial justice between the parties?

From a consideration of this whole agreement, it appears that the plaintiff on its part loans the defendant the money, and agrees to furnish beer, practically at its own price, and that in return therefor defendant agrees, and the contract carefully stipulates that she will repay the money with interest, and erect a saloon upon the premises; have it insured for the benefit of the plaintiff; run the saloon for ten years, and buy her beer from the plaintiff, and pay for the same upon request, and that on failure to pay promptly any sum due for beer or for Dow tax advanced by plaintiff, or for rent or otherwise, the same shall be a lien upon the property and secured by the mortgage. And it is also further provided, that if she fail to pay upon demand any installment due for rent, or for money advanced for Dow tax or otherwise, then the plaintiff's obligation to supply beer shall be void at its option. And it further provides that in case any additional tax or burden shall be imposed upon the sale or manufacture of beer, such increase shall be paid by the defendant.

It will further be noticed, that the defendant, when it is considered that she is bound to repay the money in monthly payments, pays the full legal rate of interest for the money loaned to her.

One of the reasons why a contract in restraint of trade is considered illegal and against public policy, is because it tends to the creation of a monopoly. One can not read the provisions of this contract, as above set forth, without arriving at the conclusion that the plaintiff thereby acquires a monopoly of the business of the defendant at the place named for ten years. Nor can one escape the conclusion that the defendant, by this contract, practically surrenders her property and business to the control of the plaintiff; nor that the contract is unreasonable and oppressive; nor that the enforcement of said contract, in the manner sought in this case, will not do substantial justice between the parties.

Such a contract in restraint of trade ought not to be enforced in a court of equity by the extraordinary remedy of injunction.

The temporary injunction will therefore be dissolved.

*W. L. Hughes,* for plaintiff.

*G. A. Resek,* for defendant.